United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SOKOL, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-2153 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**(Docket No. 7)** |

       The motion currently before the Court is Defendants' motion to dismiss. For the reasons stated on the record, Defendants' motion to dismiss is **GRANTED** with leave to amend. This order supplements the Court's oral ruling.

       During the hearing, Plaintiffs clarified that they seek to base their Truth in Lending Act ("TILA") on the September 6, 2011 assignment of Plaintiffs' deed of trust from JPMorgan Chase to U.S. Bank (as trustee of Defendant WMALT Series 2007-OA3 Trust). Accordingly, Plaintiffs are advised that their amended complaint must account for the following.

       First, § 1641(g) requires a "new creditor" to provide the borrower notice "not later than 30 days ***after the date on which a mortgage loan is sold or otherwise transferred or assigned***." 15 U.S.C. § 1641(g) (emphasis added). Accordingly, any § 1641(g) claim necessarily requires that the September 6, 2011 assignment be valid. *See Derusseau v. Bank of Am., N.A.,* No. 11-cv-1766 MMA (JMA), 2011 WL 5975821, at *5 (S.D. Cal. Nov. 29, 2011) ("Indeed, if Freddie Mac is a stranger to Plaintiff's loan as she contends, then Freddie Mac has no obligation to comply with TILA's notice requirements.").

Second, as this case was filed in April 2013, the September 6, 2011 assignment falls outside of TILA's one year statute of limitations. Additionally, the September 6, 2011 assignment was recorded. A number of cases from around the country have rejected the application of tolling in the § 1641(g) context where the underlying assignment was recorded. *See, e.g.*, *Brown v. U.S. Bank Nat'l Ass'n*, No. C12-04587 HRL, 2013 WL 453813, at *2 (N.D. Cal. Aug. 23, 2013) ("Plaintiff concedes that the transfer was a matter of public record, and provides no reason, other than the alleged violation itself, to equitably toll the statute of limitations."); *Dela Cruz v. HSBC Bank USA, N.A.*, No. 12-cv-01283-MMD-PAL, 2013 WL 1759001, at *4 (D.Nev. Apr. 23, 2013) ("Here, there is no basis to equitably toll the statute of limitations . . . since the recording of the Assignment provided Plaintiffs with constructive notice of the Assignment for the entire duration of the statute-of-limitations period."). Plaintiffs therefore must allege in their amended complaint specific facts demonstrating that equitable tolling should apply in this case.

Plaintiffs' amended complaint shall be filed within 30 days. Defendants' motion to dismiss amended complaint to be heard on December 19, 2013, at 1:30 p.m. The Case Management Conference (CMC) is rescheduled from October 10, 2013 to December 19, 2013 at 1:30 p.m. A joint CMC statement shall be filed by December 12, 2013.

This order disposes of Docket No. 7.

IT IS SO ORDERED.

Dated: September 20, 2013

_____
EDWARD M. CHEN
United States District Judge

2